UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HOPE HOGYA, | ) | CASE NO. 1:23-cv-934 |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| JUDGE VINCENT CULOTTA, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*Pro se* Plaintiff Hope Hogya filed this civil rights action under 42 U.S.C. § 1983 against Lake County Common Pleas Court Judge Vincent Cullotta and Attorney Brent Urankar. Plaintiff alleges that Defendants denied her due process, a speedy trial, and the effective assistance of counsel. She asks this Court to vacate her conviction and sentence.

Plaintiff also filed a Motion to Proceed *In Forma Pauperis* (Doc. No. 2). That Motion is granted.

I. **Background**

Hogya was criminally charged in Lake County Common Pleas Court with two counts of violating a protection order. *See State of Ohio v. Hogya*, No. 22CR00566 (Lake Cty Ct. Comm. Pl. filed June 9, 2022). According to the docket in that matter, Plaintiff entered into a plea agreement on October 31, 2022, and pleaded guilty to one count of violating a protection order. The remaining count was dismissed. On December 5, 2022, Plaintiff was sentenced to two years of community control. *Id*.

On February 7, 2023, the Lake County Probation Department notified the Court that Plaintiff was not complying with the terms of her community control sentence and requested

revocation. Plaintiff's community control sentence required that she reside in a sober living treatment facility for six months. Notwithstanding, Plaintiff was unsuccessfully discharged from the sober living facility. *Id.* Additionally, Plaintiff had not reported for appointments with her probation officer since January 2023. Finally, Plaintiff did not provide the Probation Department with her new residential address after she was discharged from the sober living facility. A warrant was issued for her arrest. *Id.* Judge Culotta scheduled a hearing for May 18, 2023.

Ten days before her violation hearing, Plaintiff filed this action against Judge Culotta and her attorney Brent Urankar asking this Court to vacate her conviction and sentence. In her complaint, Plaintiff challenges her October 2022 plea negotiations. She claims that the arresting officer did not file an official complaint stating the charges for which she was convicted. Plaintiff also alleges, without explanation, that there were fatal flaws in the indictment. She further alleges the trial was set for November 8, 2022, which violated her speedy trial rights. She now indicates she did not want to change her plea to guilty, but Judge Culotta became impatient at the change of plea hearing when she expressed hesitation to accept the plea agreement. Plaintiff contends Judge Culotta began asking her questions and then accepted the guilty plea, depriving her of her right to a trial. She alleges Urankar was ineffective for neither objecting nor filing motions to withdraw her plea. Plaintiff asks this Court to vacate her sentence and dismiss the charges or, alternatively, order the State to provide her with a trial.

II.     **Legal Standard**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*,

490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. <u>Analysis</u>

As an initial matter, Plaintiff cannot pursue her claims in a civil rights action. The proper vehicle to challenge a conviction is through the state's appellate procedure and, if that fails, habeas relief under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Mosley v. Glassford*, No. 5:21 cv 1579, 2022 U.S. Dist. LEXIS 3097, at *2 (N.D. Ohio Jan. 6, 2022) (quotation marks and citation omitted). This Court cannot vacate her conviction or her sentence in a civil rights action.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

**Date:** July 28, 2023

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE